UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY WELFARE FUND, )
TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER LOCAL 669 UA EDUCATION FUND, )
TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY PENSION FUND, TRUSTEES )
OF THE SPRINKLER INDUSTRY SUPPLEMENTAL )
PENSION FUND AND TRUSTEES OF THE )
INTERNATIONAL TRAINING FUND )
8000 Corporate Drive )
Landover, MD  20785, )
                                          Plaintiffs, )
                                                        vs. ) Civil Action No.:
                                                )
ALLIED FIRE PROTECTION INC. )
11 East Fisk Avenue )
Springfield, MA 01107-1056 )
                                                           )
Serve:    Kathleen A. Brosseau, Registered Agent )
             11 East Fisk Avenue )
             Springfield, MA 01107-1056 )
                                            Defendant. )

## COMPLAINT

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS)

### Jurisdiction

1. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

**Parties**

2.      Plaintiffs National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Local 669 UA Education Fund, National Automatic Sprinkler Industry Pension Fund, Sprinkler Industry Supplemental Pension Fund and the International Training Fund (hereinafter "NASI Funds") are multiemployer employee benefit plans as that term is defined in Section 3(3) of the ERISA of 1974, 29 U.S.C. § 1002(3).  Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreement between Road Sprinkler Fitters Local Union No. 669 (hereinafter referred to as "the union") and the Defendant.  The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

3.      Defendant Allied Fire Protection Inc. is a corporation existing under the laws of the State of Massachusetts with offices located in Massachusetts.  Defendant transacts business in the State of Massachusetts as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

**COUNT I**

4.      Defendant entered into a Collective Bargaining Agreement with the union establishing terms and conditions of employment for journeymen and apprentice sprinkler fitters employed by the Defendant.

5. Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the Plaintiff Funds certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement.

6. Defendant employed certain employees covered by the Collective Bargaining Agreement during the months of March 2016 through the present.

7. Defendant is bound to the Trust Agreements and the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

8. Defendant has failed to make contributions due to Plaintiff Funds for the months of April 2017 through June 2017. In addition, Defendant has failed to submit report forms for these months. Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

9. Pursuant to Article VI, Section 6 of the Restated Agreements and Declarations of Trust establishing the NASI Funds, when an employer is two or more months delinquent in making the contributions required on behalf of his employees and has not submitted the required documents showing the employees who worked for him and hours worked, the Funds are authorized to project the delinquency amount using the following formula:

> ... The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports submitted by the Employer for the last three (3) months for which payments or reports were submitted, or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted ...

10. Using report forms submitted for the last three (3) months for which reports were submitted, the projected delinquency for the months of April 2017 through June 2017 is $81,570.72 calculated as follows:

| Month | Hours |
|---|---|
| January 2017 | 1,265.0 |
| February 2017 | 1,300.0 |
| March 2017 | 1,131.0 |
| Average Monthly Hours: | 1,232.0 |

**Rates In Effect (as of 4/1/17)**

| | |
|---|---|
| Welfare | $9.17 |
| Education | $0.37 |
| Pension | $6.20 |
| SIS | $6.23 |
| ITF | $0.10 |

11. Defendant's contributions owed on behalf of its sprinkler fitter employees for the months of March 2016 through March 2017 were paid late. The specific amounts paid and the date in which the Defendant's contributions were received by the NASI Funds are set forth on the attached breakdown (Exhibit A).

12. Defendant's contributions owed on behalf of its sprinkler fitter employees for the months of April 2017 through June 2017 are late.

13. The Trust Agreements and the Guidelines provide that an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

(1) If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.

(2) An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.

(3) An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

14. Pursuant to this provision, Defendant is obligated to Plaintiff Funds in the amount of $71,501.60 in liquidated damages assessed on the late contributions for the months of March 2016 through June 2017, plus interest at the rate provided in 29 U.S.C. Section 1132(g) from the date of delinquency to the date of payment.

**WHEREFORE**, in Count I, Plaintiff Funds pray judgment as follows:

A. In the amount of $81,570.72 for contributions due for work performed in April 2017 through June 2017, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

B. In the amount of $71,501.60 for liquidated damages assessed on the late contributions for the months of March 2016 through June 2017, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

C. For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

D. For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

By: _____/s/_____
Charles W. Gilligan
Maryland Bar No. 05682

Attorneys for Plaintiffs

290464_1

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 3rd day of August, 2017 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, DC 20224
Attention: Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210
ATTENTION: Assistant Solicitor for
      Plan Benefits Security

                                                  /s/
                                      Charles W. Gilligan

290464_1